The solicitor-general for the commonwealth demurred generally to this plea, and the defendant joined in demurrer; whereupon the cause stood over to this term for argument, when it was shortly spoken to by the solicitor-general for the demurrer, and Lincoln in support of the plea. The cause was then continued nisi for advisement, and at the following March term in Suffolk, the opinion of the Court was delivered by
Sedgwick, J.
The defendant’s plea is grounded upon, and, if good, must be supported by the 13th section of the statute 1791, c. 58, wherein it is enacted “ that all the offences, the penalties against which exceed forty shillings, shall be prosecuted by presentment of the grand jury, before the Court of General Sessions of the Peace, [by statute of 1803, c. 155, the Court of Common Pleas,] in the county wherein the offence may be committed; but all offences, the penalty whereof does not exceed forty shillings, (except the offender lives out of the county in which the offence may be committed,) shall be prosecuted by a complaint before a justice of the peace in such county. But when the offender lives out of such county, he may be prosecuted by presentment as aforesaid, although the penalty does not exceed forty shillings.”
Now, as all the penalties, which may be incurred by a breach of this statute, are pecuniary, it is manifest that there is no case in which the Common Pleas, or a justice of the peace, have not jurisdiction of the several offences therein enumerated and described. — Whether they have exclusive jurisdiction, is the question presented by the pleadings. — * To determine this question, it will be necessary to ascertain the powers of this Court.
By the provincial act of 11 Will. 3, c. 3, there was established a Superior Court of Judicature, &c., within the province of Massachusetts Bay, which was “ to have cognizance of all pleas, real, personal, and mixed, as well as all pleas of the crown, and all matters relating to the conservation of the peace and punishment of offenders ; as civil causes, or actions between party and party, and between his majesty and any of his subjects, whether the same do concern the realty, and relate to any right of freehold and inheritance, or whether the same do concern the personalty, and relate to matter of debt, contract, damage, or personal injury; and also all mixed actions, which concern both realty and personalty, brought before them by appeal, review, writ of error, or otherwise, as the law directs; and generally of all other matters, as fully and amply, to all intents and purposes whatsoever, as the courts of King’s Bench, Common Pleas, and Exchequer, within his majesty’s kingdom of England, have or ought to have.”
After the adoption of our state constitution, which gave the style or title of “ The Supreme Judicial Court,” it was, to prevent doubts which might arise, expressly enacted by the statute of 1780, c. 17, «§> 1, that the court, which had been, or should be thereafter, appointed and commissioned according to the constitution, as the Supreme Judicial Court of this commonwealth, should have cognizance of all such matter? as had theretofore happened, or that *79 should thereafter happen, as by particular laws were made cogni zable by the late Superior Court of Judicature, &c., unless where the constitution and frame of government had provided otherwise.
Afterwards, by the statute of 1782, c. 9, § 1, establishing a Su preme Judicial Court in this commonwealth, the most ample juristion is given to this Court in all matters of a civil nature ; and in words very similar to those afore cited from the statute 11 Will. 3. The words used to describe * its jurisdiction in criminal cases are, “ and shall take cognizance of all capital and other offences and misdemeanors whatsoever of a public nature, tending either to a breach of the peace, or the oppression of the subject, or raising of faction, controversy, or debate, to any manner of misgovernment; and of every crime whatsoever that is against the public good.”
These last-recited words, viz. “ and of every crime whatsoever that is against the public good,” are, independently considered, amply sufficient to give to this Court original jurisdiction in all cases of crimes, whether at common law or by statute; and whether the offence had previously been, or should be thereafter created by statute. And unless this jurisdiction is or has been taken away from this Court by some act of the legislature, the defendant’s plea is bad.
I have before observed on what grounds his plea must be supported, if it can be supported at all. It is necessary, then, to ascertain, whether the words in the thirteenth section of ■ the statute above recited are sufficient to oust the jurisdiction of this Court. To determine this point, it is not perhaps necessary to recur to English authorities. For I admit that the rule in England is, that by nothing but express words, negative words, — or, as in some late cases is admitted, necessary implication, can the Court of King’s Bench be ousted of its jurisdiction. And probably there, upon the construction of the words similar to those now under consideration, that court would decide that the words, being merely affirmative, were insufficient for that purpose. Now, without undertaking to determine whether these words do or do not necessarily imply a negative, (although perhaps every man unshackled by technica and artificial reasoning would say that they do,) nor, consequently, whether the courts in England have or have not been correct in their interpretation of such words ; it will perhaps be sufficient for the decision of the present case, to show that words similar to those now under consideration * have in this state, by a long-continued, unbroken series of precedents and practice, been uniformly construed to exclude the original jurisdiction of this Court.
*80 By a recurrence to the words above cited, describing the powers of the late Superior Court of Judicature, &c., it is obvious that there is no conceivable case, in which that court had not jurisdiction, as fully and amply as the Court of King’s Bench in England. How, then did it happen that that court never exercised original jurisdiction in that vast variety of civil actions, which are originally cognizable in the King’s Bench ? — The provincial act of 13 Will. 3, c. 11, furnishes the answer. It enacts “ that all civil actions, other than such as are cognizable before a justice of the peace, shall be originally heard and tried in an inferior Court of Common Pleas ; except in suits where the king is concerned, which may be brought in any of his majesty’s courts within this province, at the pleasure of the prosecutor.” Here, then, we find that mere affirmative words, not more definite nor imperative than those used in the statute upon which this indictment was found, have been uniformly, and, as far as can now be ascertained, without exception, construed to oust the jurisdiction of the Superior Court of Judicature. And can there be assigned any reason, why the same words, or words precisely alike in their common and ordinary acceptation, should be construed to have diverse and even contrary significations in their several applications to the cognizance, either of civil actions or criminal prosecutions ? It seems to me that the supposition is absurd.
I here anticipate, and will obviate an objection, which may posr sibly be made, viz. In the one case, (that of civil actions,) the words are, “ shall be originally heard,” &c., which necessarily imply an exclusion of the original jurisdiction of the Superior Court; whereas, in the other, (prosecutions on this statute,) the words are, “ shall be prosecuted,” &c.; and that, therefore, the cases are not similar.
* To my mind, an answer to this objection may be derived from a very slight attention to the statute itself. These words, “ shall be prosecuted,” &c., are twice used in the thirteenth section, as above recited. In the first place, then, it will not be denied that jurisdiction, some sort of jurisdiction, is given by the statute, in certain specified cases, to justices of the peace, and in others to the Courts of Sessions. That justices of the peace would have no jurisdiction at all in those specified cases, were it not expressly given by the statute, — and that they have not, nor ever had any other than original jurisdiction in any case, — are positions that will not be denied. The unavoidable consequence is that, as applicable to their authority, the words used do, by necessary implication, give original jurisdiction.
Again, the same words, it will be acknowledged, give to the *81 Sessions jurisdiction, some kind of jurisdiction, in certain other specified cases. Now, unless the words give to the Courts of Sessions original jurisdiction, I would ask, what kind of jurisdiction do they give ? Surely not a jurisdiction which they have in cases of appeal from the judgments of justices of the peace in criminal prosecutions, given by statute in all cases; because these specified cases, in the statute under consideration, are not cognizable by justices of the peace. And will it be said, that the Courts of Sessions have power and authority, by writ of error, certiorari, &c., to correct the errors and superintend and control the proceedings of justices of the peace? — Every one knows that this is to be done in this Court, and in no other in the state. The words, therefore, in these cases, do, by necessary implication, give original jurisdiction to the Court of Sessions.
So well established is the rule here, that civil actions must he originally commenced in the Court of Common Pleas, that although, since the adoption of our state constitution, on a revision of the statutes relative to the judicial courts, and which define or describe their powers, authorities, and duties, there is not any provision that * civil actions shall he commenced in the Court of Common Pleas, (the successor of the inferior Court of Common Pleas) but merely that the Court of Common Pleas “ shall have cognizance of all civil actions of the value of more than forty shillings,” &c., yet no one, it is believed, has attempted to commence any such action originally in this Court; excepting only in those cases where there has been a special provision by statute for that purpose. The practice, since the adoption of the constitution, is probably grounded on the sixth section of the sixth chapter, which declares that “ all laws, which have heretofore been adopted, used and approved in the province, colony, or state of Massachusetts Bay, and usually practised on in the courts of law, shall still remain and be in force, until altered or repealed by the legislature, such parts only excepted, as are repugnant to the rights and liberties contained in this constitution.”
None of the foregoing considerations, it will be noticed, have the least tendency to take away the general superintending power of this Court over all inferior jurisdictions, in cases coming before it by appeal, certiorari, writ of error, or otherwise, as the law provides. But, taken together, they appear to my mind sufficient to authorize the conclusion, in which we are all agreed, that this Court has not original jurisdiction in the case before us.

Per Curiam.

The defendant’s plea is sufficient, and therefore let him be discharged of the said indictment, and go thereof without day.